IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| John Kirkland Fort, Chapter 7 Trustee for Spartan International, Inc.,<br><br>                 Plaintiff,<br><br>    vs.<br><br>J. Barry Leonard, Walter S. Montgomery, Jr., Larry J. Ostrower, Rocky A. Mankins, Lawrence C. Gottlieb, James A. Beldner, and Kronish Lieb Weiner & Hellman, L.L.P.,<br><br>                 Defendants. | Civil Action No. 7:05-1028-HFF-WMC<br><br>**O R D E R** |

        This matter is before the court on the motion to compel of defendants Lawrence C. Gottlieb, James A. Beldner, and Kronish Lieb Weiner & Hellman, LLP (collectively "Kronish defendants"). They seek an order compelling General Electric Capital Corporation ("GECC"), which is not a party to the case, to comply with a subpoena served on it by the Kronish defendants on or about January 13, 2006.

        The plaintiff, the Chapter 7 Trustee for Spartan International, Inc. ("Spartan" or "the debtor"), brought this lawsuit against certain officers and directors of Spartan and the Kronish defendants, who apparently were legal counsel for Spartan during the pertinent time period. The plaintiff alleges that the Kronish defendants gave improper legal advice to Spartan in connection with its dealings with its lender, GECC, and that, but for this allegedly improper advice, Spartan would have filed for Chapter 11 bankruptcy and "would have emerged successfully from Chapter 11" (Kronish def. opp. to m. to quash 2). According to the Kronish defendants, GECC has a direct interest in the outcome of this litigation in that it is Spartan's largest creditor, it is funding the litigation against the defendants, and it will receive 94% of the net proceeds of any recovery (*id.*, ex. 1).

GECC objected to the information sought by the Kronish defendants based upon undue burden, relevance, overbreadth, and attorney-client privilege and/or work product doctrine. Subject to their objections, GECC produced approximately 20,000 documents along with a privilege log. The Kronish defendants seek an order from this court compelling GECC to respond to all of the requests in the subpoena.

In its response to the motion to compel, GECC moved to quash and/or modify the subpoena and further moved for its costs of compliance. GECC maintains that the Kronish defendants filed their motion to compel without conferring with it in an attempt to resolve their differences. Local Civil Rule 7.02 provides that a moving party must "confer with opposing counsel and attempt in good faith to resolve the matter contained in the motion" before filing a nondispositive motion. Local Civil Rule 7.02 DSC. This court agrees with GECC that the relief requested by the Kronish defendants is premature as the parties to the motion have not made a good faith effort to resolve their differences.

Accordingly,

IT IS ORDERED that the Kronish defendants' motion to compel and GECC's motions to quash and/or modify subpoena and for reimbursement of costs are denied at this time. The attorney for the Kronish defendants is instructed to contact counsel for GECC on or before June 9, 2006, and the attorneys should thereafter attempt to resolve as many matters as possible. If, after such a good faith attempt, all of the issues have not been resolved, the Kronish defendants and/or GECC may renew their motions.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

May 26, 2006

Greenville, South Carolina