IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| John Kirkland Fort, Chapter 7 Trustee for Spartan International, Inc., <br><br>    Plaintiff, <br><br> vs. <br><br> J. Barry Leonard, Walter S. Montgomery, Jr., Larry J. Ostrower, Rocky A. Mankins, Lawrence C. Gottlieb, James A. Beldner, and Kronish Lieb Weiner & Hellman, L.L.P., <br><br>    Defendants. | Civil Action No. 7:05-1028-HFF-WMC <br><br> **O R D E R** |

This matter is before the court on the plaintiff's motion to compel all defendants to fully respond to discovery. The motion was referred to this court for disposition by the Honorable Henry F. Floyd, United States District Judge.

On April 4, 2001, the Board of Directors of Spartan International, Inc. ("Spartan") voted for Spartan to file a Chapter 11 bankruptcy proceeding. On May 3, 2001, Spartan delivered possession of all its corporate assets to its principal secured creditor, General Electric Capital Corporation ("GECC"). Defendant Leonard was the chief Executive Officer and Chief Operating Officer of Spartan when that company ceased operations. The plaintiff in this action, the Chapter 7 Trustee for Spartan, has named four officers and directors of Spartan as defendants and, because the officers blame their decision on the advice given them by certain bankruptcy attorneys, those attorneys and their law firm have also been named as defendants. The plaintiff alleges causes of action for negligence and breach of fiduciary duty.

On June 29, 2006, plaintiff filed a motion to compel, seeking an order from the court directing defendants to produce responses to the plaintiff's second requests to produce. Those requests seek (1) any joint defense agreement executed by any defendant or any of the defendants' counsel, and (2) all correspondence between or among the defendants and/or their attorneys dated between May 3, 2001, and the present. Each of the defendants has objected to the requests on the grounds of common interest privilege, the attorney work product doctrine, and attorney/client privilege.

When a party claiming the attorney-client privilege voluntarily discloses confidential information to a third party, the disclosing party generally waives any attorney-client privilege that may attach to the information. *See Hanson v. U.S. Int'l Dev't*, 372 F.3d 286, 293-294 (4th Cir. 2004). A well-recognized exception to this rule is the joint defense privilege or common interest doctrine, which prevents privileges from being waived without the consent of all parties who share the privilege. *In re Grand Jury Subpoenas*, 902 F.2d 244, 250 (4th Cir. 1990). The Fourth Circuit Court of Appeals has held the doctrine applies as long as the parties share a common interest about a legal matter, even when the holder of the interest is a non-party, or litigation has not yet commenced. *Id*. at 249-50. "[A]s an exception to waiver, the joint defense or common interest rule presupposes the existence of an otherwise valid privilege, and the rule applies not only to communications subject to the attorney-client privilege, but also to communications protected by the work-product doctrine." *Id.* at 249 (quoting *Transmirra Products Corp. v. Monsanto Chemical Co.*, 26 F.R.D. 572, 578 (S.D.N.Y.1960)). The plaintiff's expert witness has written, "[T]he privilege has been applicable in virtually any litigation-related setting, provided the parties share a common interest, and that confidential information was exchanged to facilitate their legal representation." John Freeman, *The Common Interest Rule*, 6 S. Carolina Lawyer 12 (1995) (internal citations omitted).

The plaintiff contends that the defendants must "either produce a copy of the written agreement for review or submit affidavits of the signatory parties concerning the material provisions of the oral joint defense agreement" (pl. m. to compel 4). The plaintiff states that without reviewing such an agreement the scope of any protection it might provide cannot be ascertained. The plaintiff further claims that the agreement itself, if one does exist, does not fall under privileged communications because no legal advice is sought or given in the document itself.

The defendants argue that the common interest doctrine applies to the defendants and protects all requested communications. Defendants reject the argument that the joint defense agreement is relevant or will lead to discovery of admissible evidence on the grounds that the Fourth Circuit Court of Appeals does not require a written joint defense agreement or affidavits indicating an oral joint defense agreement to demonstrate a common interest. The defendants argue that all that is required is a showing of common interest, which they can show (def. resp. m. to compel 5). The Trustee's amended complaint alleges commonality among all the defendants in both the factual allegations and the causes of action. The plaintiff prays for judgment against all the defendants jointly and severally, and the alleged damages are targeted at all of the defendants jointly and severally (def. resp. m. to compel, ex. 3, am. comp. at 13, 34). The defendants further argue that they have a common interest in the following issues: whether Spartan filing for Chapter 11 was feasible; whether the officers and directors exercised reasonable business judgment under the circumstances; whether any attempts by Spartan to reorganize would have been successful; whether GECC was responsible for Spartan's demise; damage causation issues; and the damages claimed by the plaintiff (def. resp. m. to compel 7).

The defendants next argue that the plaintiff's own expert, John Freeman, recognizes the defendants' common interest. Mr. Freeman has written articles on the common interest doctrine. *See* John Freeman, *The Common Interest Rule*, 6 S. Carolina

Lawyer 12 (1995). In his expert report, he states that the defendants had "joint motives" and that "[t]he self-interest in question here stems from the joint motive of Bankruptcy Counsel and the defendant officers and directors to cover up the pre-collapse acts of misconduct in diverting and mis-reporting cash receipts" (def. resp. m. to compel 8) (quoting Freeman's 3/5/06 expert report at 20). The defendants further argue that since the commencement of the litigation they and their counsel have evidenced their intention to work in concert in defense of the plaintiff's claims (def. resp. m. to compel 8-9). Lastly, they argue that they have not waived the protections of the common interest doctrine but have instead uniformly acted to preserve the protections afforded by it (pl. resp. m. to compel 9).

This court has reviewed the parties' arguments and finds that the defendants hold a common legal interest and, therefore, they have not waived the attorney-client privilege by sharing privileged information with each other. The existence of any joint defense agreement would not change the application of the common interest rule in this case and any such written or oral agreement would be irrelevant. *See U.S. v. Bicoastal Corp.*, 1992 WL 603384, *5 (N.D. N.Y.) ("Notwithstanding the possible existence of a written agreement, defendants with common interests in multi-defendant actions are entitled to share information protected by the attorney-client privilege without danger that the privilege will be waived by disclosure to a third person."). *See also LaSalle Bank Nat'l Ass'n v. Lehman Bros. Holdings, Inc.*, 209 F.R.D. 112, 116 n. 3 (D. Md. 2002) (joint defense agreement does no more than confirm existence of a common legal interest). Based upon the foregoing, the motion to compel is denied.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

September 20, 2006

Greenville, South Carolina