IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| John Kirkland Fort, Chapter 7 Trustee for Spartan International, Inc., )<br>)<br>) Plaintiff, )<br>)<br>vs. )<br>)<br>J. Barry Leonard, Walter S. Montgomery, Jr., )<br>Larry J. Ostrower, Rocky A. Mankins, )<br>Lawrence C. Gottlieb, James A. Beldner, and )<br>Kronish Lieb Weiner & Hellman, L.L.P., )<br>)<br>Defendants. )<br>) | Civil Action No. 7:05-1028-HFF-WMC<br><br>**<u>AMENDED ORDER</u>** |

This matter is before the court on the motion of the Kronish defendants to compel non-party General Electric Capital Corporation ("GECC") to comply with a subpoena (document no. 111). GECC opposed the motion. A hearing on the matter was held before this court on December 15, 2006, at which time the motion to compel was granted in part. GECC was directed to submit certain documents to the court for *in camera* inspection, which it did on January 11, 2007. The motion was referred to this court for disposition by the Honorable Henry F. Floyd, United States District Judge.

The documents at issue were prepared by or for GECC business employees and counsel. The documents were sent or copied to Peter Tourtellot, the court-appointed receiver for Spartan's assets (the "Receiver"), or one of the Receiver's lawyers. The dispute has been narrowed since the hearing to four categories of documents:

>  (1)   Correspondence from Jeffrey Bjork, GECC's outside counsel in the Spartan matter, to GECC's consultant hired when the parties were preparing for bankruptcy litigation, GECC employees, and the Receiver. These documents concern the preparation for and/or resolution of a hearing set for May 24, 2001, involving a claim against Spartan.

>	(2)	Correspondence by and among the attorney for the Receiver, attorneys for GECC, in-house attorney for GECC, employees of GECC, and the Receiver regarding legal matters.
>
>	(3)	Draft correspondence to the Receiver.
>
>	(4)	A draft appellate briefing prepared by GECC and its counsel and the Receiver's counsel.

GECC argues that the attorney-client privilege has not been waived as to these documents because GECC and the Receiver have "common interests." When a party claiming the attorney-client privilege voluntarily discloses confidential information to a third party, the disclosing party generally waives any attorney-client privilege that may attach to the information. *See Hanson v. U.S. Int'l Dev't*, 372 F.3d 286, 293-94 (4th Cir. 2004). A well-recognized exception to this rule is the joint defense privilege or common interest doctrine, which prevents privileges from being waived without the consent of all parties who share the privilege. *In re Grand Jury Subpoenas*, 902 F.2d 244, 250 (4th Cir. 1990). The Fourth Circuit Court of Appeals has held the doctrine applies as long as the parties share a common interest about a legal matter, even when the holder of the interest is a non-party, or litigation has not yet commenced. *Id*. at 249-50. "[A]s an exception to waiver, the joint defense or common interest rule presupposes the existence of an otherwise valid privilege, and the rule applies not only to communications subject to the attorney-client privilege, but also to communications protected by the work-product doctrine." *Id.* at 249 (quoting *Transmirra Products Corp. v. Monsanto Chemical Co.*, 26 F.R.D. 572, 578 (S.D.N.Y.1960)). "[T]he privilege has been applicable in virtually any litigation-related setting, provided the parties share a common interest, and that confidential information was exchanged to facilitate their legal representation." John Freeman, *The Common Interest Rule*, 6 S. Carolina Lawyer 12 (1995) (internal citations omitted).

This court has reviewed the parties' arguments and the documents at issue and finds that GECC and the Receiver hold a common legal interest and, therefore, they

2

have not waived the attorney-client privilege by sharing privileged information with each other. Furthermore, the draft correspondence to the Receiver is not subject to a claim of waiver because it was not disseminated to the Receiver. In any case, the documents at issue do not appear to contain information of any value to the defendants. Based upon the foregoing, the motion to compel is denied as to these documents.

        IT IS SO ORDERED.


        s/William M. Catoe
        United States Magistrate Judge

February 22, 2007

Greenville, South Carolina